## UNITED STATES v. PIAZA.

(District Court, W. D. New York. November 26, 1904.)

1. EXTRADITION—SURRENDER OF ACCUSED—SUFFICIENCY OF EVIDENCE.

In order to justify a commissioner in issuing a certificate to the executive authority for the surrender of the accused in extradition proceedings, it is sufficient if the accused is held on competent legal evidence, and if probable cause exists for believing him guilty of the offense charged. The evidence need not be conclusive, nor must the commissioner be absolutely convinced of the guilt of accused.

2. SAME—INFORMATION—DESIGNATION OF OFFENSE.

An information in extradition proceedings charging accused with "assault with intent to kill and murder" sufficiently brings the offense within article 10 of the treaty with Great Britain, authorizing extradition of persons charged with "assault with intent to commit murder."

On Return of a Writ of Habeas Corpus Sued Out by Basilio Piaza. Writ dismissed.

Hamilton Ward, Jr., for petitioner.
Donald Bain, for the United States.

HAZEL, District Judge. The petitioner is a fugitive from justice. It clearly appears that the magistrate before whom these extradition proceedings were heard had jurisdiction of the subject-matter, and that the evidence before him justified the issuance of a certificate to the executive authority for the surrender of the accused. Authorities abound which hold that it is sufficient if the accused is held on competent legal evidence, and, further, if probable cause exists for believing the defendant guilty of the offense charged. The evidence need not be conclusive, nor must the commissioner who hears the proceedings be absolutely convinced of the defendant's guilt, before exercising the power to commit him. Ornelas v. Ruiz, 161 U. S. 502, 16 Sup. Ct. 689, 40 L. Ed. 787. The principal question presented is whether the crime charged by the complaint or information is within the terms of the treaty or extradition. The accusation before the commissioner, as appears by the complaint or information, is assault with intent to kill and murder. The offense specified by the extradition treaty with Great Britain (article 10) is assault with intent to commit murder. It is claimed by counsel for petitioner that the specific crime mentioned in the treaty is not charged. The proposition that the crime must be charged in the identical language of the treaty is unsound. An assault with intent to kill and murder is practically the same as an assault with intent to commit murder. It is true, the words "to kill" do not necessarily imply more than the destruction of life, which may have been caused without guilt, while to commit murder implies killing with malice aforethought. The use of the word "kill" in the conjunctive with "murder" shows that it was intended to charge the commission of the crime of assault with intent to kill with malice aforethought. It must be noted that the intent with which the crime is committed is of the essence of the offense. The phraseology charging the crime unquestionably brings it within the terms of the treaty, and it is extraditable. If the intent to destroy life is proven, it is unjustifiable killing, or murder, by the common law and by the act of Congress. It is thought that the principle announced in Grin v. Shine, 187 U. S. at page 184, 23 Sup. Ct. 100, 47 L. Ed. 130, where the court used the following language, applies:

"In the construction and carrying out of such treaties the ordinary technicalities of criminal proceedings are applicable only to a limited extent."

Again:

"But where the proceeding is manifestly taken in good faith a technical noncompliance with some formality of criminal procedure should not be allowed to stand in the way of a faithful discharge of our obligations. Presumably, at least, no injustice is contemplated, and a proceeding which may have the effect of relieving the country from the presence of one who is likely to threaten the peace and good order of the community is rather to be welcomed than discouraged."

Other questions presented need not be considered.
The writ of habeas corpus is now dismissed.